Good morning again and welcome to the third day of our session here in Jacksonville. Judge Lagoa is not able to join us, but she'll listen to the oral argument audio and then confer with Judge Cho, Flatt, and me on the cases that we hear. You know the traffic light system. Hopefully if the yellow light goes on, that means that your time is starting to draw to a close, so begin to wrap up. If we take you beyond the red light, then don't worry, just keep talking to us as long as we'll have you. And with that, we're ready to talk about our first case. It's number 23-11146, United States v. Jeremy Brown. Mr. Ufferman. Good morning. It pleases the Court. Michael Ufferman on behalf of the appellant Jeremy Brown, I'd like to reserve five minutes of my time for rebuttal. Certainly. Can I ask you some procedural questions first before we get started? Of course. That have nothing to do with the merits of what you guys are going to talk about today? No opposition to the motion by your co-counsel to withdraw? Correct. Okay, so I will enter an order to that effect. Thank you. Later today, okay. The other procedural issue I'll begin with is what happened last week. As of last week, the Department of Justice acknowledged that President Trump's pardon covers the offenses that are the subject of the appeal in this case. The U.S. Attorney's Office for the Middle District filed a notice at the district court level and then they proceeded to file a motion in this court requesting the court to remand which erections to vacate the judgment and dismiss the indictment. Okay, I have a question about that procedurally as well. Okay. I thought that your clarification, which you filed on Monday, right, to your co-counsel's motion to withdraw indicated that you don't just want us to remand, you want us to vacate the corrections. Correct. And I believe that's what the government is requesting as well. No, no, I understand that. You're joining them and asking us, not the district court, to vacate Mr. Brown's convictions. Yes, I believe I'm following precedent from the DC Circuit. I cited to the Thomas case in my clarification where a similar motion that was actually opposed in that case was filed by the government and the DC Circuit did in fact grant the motion, remanded which erections to vacate the judgment and dismiss the indictment. And I mean at this point simply stated that the appeals moved. Well, I'm not sure about that, but more procedural questions. Is Mr. Brown pursuing the pardon route and has he accepted the presidential pardon? He has. He has been released. I actually don't know how that operates and how you're supposed to accept a pardon and how formally that is supposed to occur, but it's a question for you because your co-counsel's motion to withdraw said that he wasn't pursuing the pardon. So I'm just confused. And I apologize for my co-counsel's statement. You understand why I'm not sure of where this case is procedurally. Sure, it's very important to resolve that. You think if you're telling me that the reason for us to vacate and remand to the district court to allow the government to do what it wants to do, that has to be based on the pardon, right? Correct, yes. But if he's not pursuing the pardon, I don't know what we're supposed to be doing. So I have that question for you. What is it that Mr. Brown wants to pursue and doesn't want to pursue? Your co-counsel may be correctly or incorrectly, and I'm not holding him to what she said, but indicated that he wanted to pursue the merits appeal. It's not self-executive, is that right? He does have to accept it or say it another way, he could reject it. Yeah. And he has accepted it. He has been released from the Bureau of Prisons. He was released last week. He's present here in the courtroom today. So he accepts the pardon and along with that, the remedy that courts around the country and in particular the DC Circuit have imposed when a pardon is accepted in these circumstances, which is the appeal becomes moot. Obviously there's no longer a case in controversy if he's been released or the convictions that are the subject of the appeal and pursuant to the direction of President Trump, the remedy for all cases that are still pending on appeal that are not yet final, he has directed that the Attorney General's Office take steps to have those cases remanded to the district court level so the judgment can be vacated and so the indictment can be dismissed and that is what we are requesting unequivocally. So he does not want to pursue the merits appeal? I mean, I think they're inconsistent. It's your ship. Well, you tell me what you and Mr. Brown have to tell us. Yes. This is his appeal. We're here because of his appeal from a conviction that was entered before the pardon was issued. So I'm asking you because like a plaintiff drafting a complaint, this is sort of the first step is in your side of the aisle and you've got to tell us what you want to proceed on. Do you want to proceed on the merits part of the appeal? Do you want to proceed on the pardon route or do you want to proceed on both tracks at the same time? I don't believe that he can pursue both tracks at the same time. If that was an option, I think we would pursue it but in the Thomas case, for instance, that's exactly what the appellant wanted to do in that case. He was adamant that he wanted his claims heard on the merits because he believed he was innocent and wanted relief but the DC Circuit rejected that and said once you've accepted the pardon, this case is now moot and therefore we have no choice. We can't consider a case for which there's no case in controversy anymore. So your co-counsel was wrong in saying that he didn't want to pursue the pardon route. Adamantly wrong. Okay. And again, if there was a way to pursue both, my client would love to do that but it seems to me there's a risk involved in that. If he says no, I don't want to accept the pardon. I instead want to pursue the issues on appeal and although I'm getting ready to have a legal question whether or not he has the power to do that. I agree. In effect, to strike it from the record as it were. Right, I agree and so the concern is we could pursue it on the merits if the court would allow us but if we lose, then that's in essence, you're done. He's done. Whereas what the government has offered, you know, is what my client wants. He does not want to be convicted and the route that the government is proposing under Rule 48 is to vacate the convictions and have the indictment dismissed. That is the remedy we are seeking. We agree with the government. Once that happens and we're hoping the court will agree with that, the issue is on appeal or moot. Now, I would, again, I'm now going to proceed to argue those issues but that is certainly what we are requesting. I'll give you more time. Don't worry about that. Don't worry about the time. Now, I wouldn't normally ask this but because of the different positions taken by Mr. Brown's counsel on paper, I want to make sure that he understands and since he's here, I'm going to say in an open court that the pardon doesn't eliminate the possible collateral consequences of the convictions. In other words, in the future, those convictions, were he to get into trouble again, could be used to enhance a sentence. But if the judgment is vacated, then those convictions . . . No, no, no, no. I'm not talking about what you're asking us to do. I'm talking about accepting a pardon. Independent, you haven't gotten the district court, you're steps away from getting the district court to allow the government to dismiss the indictment post-conviction with prejudice, right? Correct. Yes. We're not there yet. If he wants to pursue the pardon route through us, I just want to make sure I know you understand, I want to make sure he understands that were the district court to not allow the government . . . the district court has a say . . . A limited say. Yes. I didn't mean to say any more. Has a say in deciding whether to allow the government to dismiss an indictment with prejudice post-conviction, right? Yes. That's what the rule calls for. Without question. Very narrow discretionary . . . But you've got to jump through that procedural hoop. With leave of court is in the rule. Prior to the rule, there was unfettered discretion for the government. After rule 48, there's definitely with leave of court. Now, it's very limited . . . I know, I know, I know. All I'm saying, and I just want Mr. Brown to know that if that relief is not granted by the district court, and even if you or the government appealed and that got affirmed so that you didn't have a dismissal of the indictment, the pardon route doesn't eliminate collateral consequences from the conviction. The convictions don't get erased for all purposes. Yes. You understand that? In order for him to obtain his goal of not being a convicted felon, he either needs to win the underlying issues in this appeal or he needs to have the district court ultimately accept the rule 48 motion. Got it. Perfect. And so, he understands both options exist. I feel very hopeful. Well, but if he pursues one of them here, it seems to me to be binding. Correct. Yeah, I think Mr. . . . you agree with that. But the flip of that is true. I think if he then also says, I'm rejecting the . . . I mean, this court is at a point where you have to decide, do we have a case in front of us or not? If we do not, then you're not going to consider the issues. If you do, you will, but if you consider the issues on the merits and he loses, I'm not sure that he can say, okay, now I want to go to plan B and pursue the pardon. I think you're probably right about that. I speak only for myself, but I think you're probably right about that. Okay. Tell me why you believe the pardon covers the document conviction. Because the Department of Justice has determined that it does. That's not a completely satisfactory answer. It is a partially satisfactory answer, but courts over the last two centuries have exercised a limited role in figuring out the extent and breadth of pardons. It covers this conviction, doesn't cover that conviction. The language of the pardon is broad. The language of the pardon is narrow. The pardon comes with conditions. The pardon doesn't come with conditions. I need, for my own purposes, a little bit more of an explanation. I can understand why with a broad reading of President Trump's pardon language, the firearm and grenade offenses are covered. It's not that easy for me to understand how the document defense for documents that a jury found were improperly taken . . . Well, one document, because he was acquitted . . . It was one count. It might have been one piece sheet of paper or two sheets of paper, whatever it was. It was one count of conviction. Correct, yes. I just don't remember . . . He was acquitted of the other four. Agreed, agreed. I don't remember whether that count of conviction involved one sheet of paper or two or three sheets of paper, but it doesn't seem that readily apparent to me, without further briefing from the parties, why the pardon language covers that count of conviction. One way of looking at it, of course, is but for the search warrant issued by the D.C. magistrate judge, that document would never have been found. So the sole reason, the but for cause of that even being an issue, is because of what occurred in Washington on January 6th . . . Okay, hypothetical. Someone in the general same shoes as Mr. Brown has an arrest warrant issued for him or for her for January 6th charges. The federal marshals . . . Thank you. The federal marshals go out to execute the arrest warrant. There's a scuffle inside of the person's residence and the person causes the death of a deputy U.S. marshal. He gets charged not only with the January 6th offense, but causing the death of a federal marshal while that marshal was trying to carry out his or her duties. Gets convicted of both. Same presidential pardon language. Does it cover the killing charge? Much harder argument for that. But for the January 6th charge, but for the arrest warrant, that killing would not have occurred. Maybe. I would say there's a separation in that case. Those occur at the same time. His offense traced . . . that count of conviction traces back years, way before January 6th. He couldn't have possessed a document without unlawfully taking it at some earlier point in time. I understand that, but your hypothetical is they were there for a reason, but after they were there, whether, you know, now for something that would be covered by the pardon, there was a separation from the reason for them being there, that his action at that point went above and beyond and sprung a new crime based on his violent response to them being there. Why does it matter if it's a new crime or an older crime that has nothing to do with the January 6th events? Again, I think there's just . . . there's a complete nexus that the January 6th search warrant is the only reason they were able to find this document. In your hypothetical, the January 6th warrant allowed them to be there, but then separate and apart from that . . . Substitute a search warrant for an arrest warrant in my hypothetical. Same results? Again, I would be a different . . . that would be hard for that defendant to argue that that would apply simply because it's the defendant's independent action separate from anything relating to January 6th authority that caused and resulted in that crime. That's not what's happening here. Again, they . . . The January 6th events had nothing to do with his taking or possession of that government document. But they never would have been on his property but for that warrant. What pardon cases used a but-for standard? That I don't know, Your Honor. I don't think there are any. But . . . and I guess I would come back to, obviously, the pardon power . . . Under Article . . . I don't know the answer to the question I'm asking you, but I don't think it's . . . I speak only for myself, not for Judge Joe Flutter, for Judge Lagoa, but it is not apparent to me that the pardon even broadly construed covers that. At the end of today's argument, I'm going to ask you and the government to brief the issue . . . Of course. . . . before we take any action on it. Thank you. I welcome that. And so . . . The document charged, by the way, as I understand it, was a continuing crime. You had the taking and possession also. So the possession continued up to the time when the document was found. There's some dispute about Count 10. My client created that document and he never . . . the court's aware of what my client's theory was. We know that there . . . we have a number of merits-based challenges to the conviction, but we're just talking about the pardon now and . . . But there's a . . . obviously, my client came out on the losing end of the argument, but the argument was that was not a confidential document. It's a document that he created. We understand, but that's not an issue if you're foregoing the merits-based challenges to his conviction and you're pursuing the pardon route. Sure, but . . . So we take that conviction as a given? Yes, I agree with that. So again, I'm happy to brief that issue and . . . I'm going to give you . . . I've asked you a ton of questions and basically not let you argue almost at all. So I want to give you time to make the argument that you wanted to make on behalf of Mr. Brown. So . . . Thank you. You've got four minutes to do that, and then I'll give you your time for  Thank you. And the whole point of me being here is to answer your questions. So I appreciate the questions and the opportunity to answer them. Let me just quickly, in maybe two minutes and two minutes, try to address the Second Amendment issue and then the Fifth Amendment issue. The Second Amendment issue is pretty clear. We know . . . I thought you were foregoing the merits. Well, so I took from the Court's order that we should be prepared to . . . Yes, of course, but that's because of the confusion I had as the presiding member of this panel about what Mr. Brown wanted to pursue and not pursue. You've now told me that because he's chosen to accept the pardon and pursue that pardon route and hopefully get to the district court and get the indictment dismissed, that the merits challenge is gone. Yes. That is correct. You're abandoning the merits challenge and you're pursuing the pardon route no matter where that may lead you. I do believe they're mutually exclusive. Okay. And if because of that it would be a waste of your time and my breath to argue the underlying merits, I won't do that. It's your time. I've given you additional time. I'm just saying it's your choice and his choice, but if you're foregoing the merits to pursue the pardon route, then the merits are done. We're done with the merits. You're abandoning those issues. Correct. Okay. And so yes, I understand and I won't speak to the merits because it is our choice to pursue a 48, Rule 48 motion to have the judgment vacated and to have, I'm sorry, get the judgment vacated and the indictment dismissed. And we believe that that's the appropriate action by the court. So in light of that, I'll reserve my time, hear what my colleague has to say about the rebuttal. You've got five minutes left for a vote. Thank you, Mr. Rufferman. Okay. Ms. Kershaw, how are you? I'm good. Good morning, your honors and may it please the court. Thank you for allowing me to appear by zoom today and thank you to the court staff. I know it was extra effort for them. The department's position is that this pardon applies to Mr. Brown for all of his offenses of conviction. We believe that that moves the appeal because there's nothing left for the court to decide. If the pardon does cover everything, then you are absolutely right. And Mr. Rufferman is right as well. The question is for me, why do you believe that the pardon covers the document conviction? So, you know, the department's position is that they've made this determination the same way that they make these determinations in various cases. They've instructed BOP has released him from incarceration and Mr. Brown is not challenging the application of the pardon to him. He's accepted the pardon. And so, our position is that there's nothing for this court to adjudicate with respect to- The government's position and interpretation is entitled to deference and maybe a great deal of deference, but it's not the last say because in order for you and Mr. Brown to convince us that we should vacate all of the convictions, there has to be some legal basis for under whatever level of deference applies to read the pardon as reaching the document's offense. And saying that the government has determined that the pardon reaches the document defense, for me, is not a completely satisfactory answer. Well, let me start by saying this, Your Honor. Had this happened before the notice of appeal had been filed or had this happened after the court resolved the appeal, there would be no basis for this court to make the determination about whether or not the pardon applied unless a party had challenged that application. I have a question of which court should determine that question, whether it ought to be the district court.  But Mr. Offerman says it should be us because he is asking us to vacate the convictions and I asked him point blank. He does not want a remand right now. He wants us to vacate the convictions. For us to vacate the convictions, there has to be a legal reason for us to set them aside. And because Mr. Brown has abandoned his merits-based challenges to all of the convictions, the only route available is the pardon route. So, if the request to us is to vacate all of the convictions, there has to be a legal basis for us to do so. And that means that you need to explain why the pardon reaches the document defense. I understand, Your Honor. Before I address that question, I would just like to say this court could, without reaching the issue of whether or not the pardon applies, simply grant us a limited remand to the district court to allow us to file a Rule 48a motion to dismiss the indictment because, again, because the department's pardon applies here, my instructions under the executive order are to pursue dismissal of this case. And so, I'm just trying to get it back to the district court so that we can do that, whether that is by the court vacating the conviction under the mootness doctrine or by doing a remand to the district court to allow us to file a motion under Rule 48a. I think it ultimately reaches the same result. It's just a different procedural mechanism to do so. I think that if the court finds that it's moot, it lacks jurisdiction to do anything other than dismiss the appeal. There are three, as far as yesterday's news indicated, there are three courts of appeals that have encountered cases in a relatively similar procedural posture and have asked for briefing from both the government and the defense about the scope and breadth and reach of the pardon. Why shouldn't we do the same thing here? Because I really think that if a court is going to adjudicate the scope of this pardon, it needs to be adjudicated in the first instance in the district court because this is a court of review and there hasn't been a decision by the district court yet on the pardon issue to review. And again, I think it would make more sense from a matter of judicial economy if the court wants to go that route to just allow us to remand it so that we can file a Rule 48a motion in the district court and have the district court decide that in the first instance. Has there been any guidance from the Department of Justice or the Office of President about why they believe the pardon sweeps as broadly as you say it does? We have received limited guidance on this from the department. Tell me what the rationale is, if you have any, of the limited guidance you've received as to the pardon scope. Why does the pardon reach this? The guidance we've received is that this is being determined on a case-by-case basis and that in this case the department views these offenses as related to the occurrences of January 6th because the documents and the firearms were discovered as a result of a search warrant investigating the events of January 6th. That's the department's position as I understand it with respect to this case. If we remanded the case to the district court in effect to decide the pardon issue and the court decided that that conviction on the document doesn't stand, then it does. Then I gather that he could appeal that to this court. That's correct. That's correct, Your Honor. And to your question about, so there's two standards. If you're looking at the standard for Rule 48a, that is the United States is entitled to a presumption of good, doesn't have to prove the reason, it has to provide a reason, and the court can only reject it if it's not in the interest of the public justice, which the court, in the interest of the defendant, and obviously here this is what the defendant wants. Right, but although judicial review of a government motion to dismiss an indictment is very, very limited, the scope of that review changes if you're pre-indictment, I mean pre-conviction or post-conviction, and here you have a post-conviction motion. That's correct, Your Honor. On convictions that notwithstanding the pardon would stand. Correct, Your Honor, and I would point the court to the Supreme Court's jurisprudence on the Pettit policy. The Pettit policy is an internal policy to the department, and when cases have gone post-conviction, post-sentencing, even post-appellate decision, and we've gone to the Supreme Court, and the Solicitor General has said, you know, we've determined that there is a violation of the Pettit policy, and therefore we no longer want to continue to pursue this appeal. The Supreme Court has vacated and remanded to the district court to allow the United States to dismiss the indictment, and I realize this is not quite the same thing, but it is sort of this internal decision by the department to no longer pursue this case, and I think that like in those cases, the appropriate remedy would be to remand it to the district court to allow us to dismiss the indictment, and when you're talking about the judicial review of an executive branch's determination of an executive order, I point the court to the Andrews v. Warden case, which discusses the level of deference that is afforded to the department, or in that case, BOP's determination about how to apply the commutation. Well, I mean, I don't want to make a litigation choice for Mr. Rufferman, but if that's the position of the parties, there's a very easy way of accomplishing what you suggested, and that is that Mr. Brown dismisses his appeal, and then you go back to the convictions for now are in a state of limbo, and you go back to the district court, and you ask the district court to allow you to dismiss the indictment with prejudice, and you find out what happens there, but maybe Mr. Rufferman will have a different view when he gets up on rebuttal, but I understood him to ask us for vacater, not to ask for just a remand, so I'm not sure that the two of you are on the same page. Obviously, I can't speak for Mr. Rufferman and his position, but I think what he ultimately wants is the judgment of conviction to be vacated, but I'm not sure that he cares whether it's in this court or in the district court that does it, but obviously, I can't speak for him. I just know from our marching orders are to get this case, the indictment dismissed, and I've offered the court two avenues to effectuate that. Okay, Ms. Gershaw, thank you very much. Thank you. May it please the court. Obviously, Mr. Brown agrees with the initial alternative proposed in the government's motion, which is, quote, because President Trump has pardoned Brown of the offenses in this indictment, this court should hold that his appeal is moot, vacate the judgment of conviction, and remand with instructions for the district court to dismiss the indictment. For that, you're asking us for a legal determination that the pardon covers the document defense and therefore renders the appeal moot.  That's a consequence of what you just said. I agree with that. Vacate with instructions to dismiss. I agree, and so you . . . Supposedly, we just vacated and let the district court decide in the first instance. If I'm going down options, start with the option that the government initially proposed. I like that option the best. I want to know what you want us to do. Well, that's what I want you to do, and if you have a concern about the document case you've offered to allow the parties to submit supplemental briefing, I welcome that, because it sounds like we need to convince you that . . . I don't want you to give up anything. Thank you. And I'm not trying to force you into a corner to give up anything. But I want to know, now that you've heard from the government orally, I know you both agreed on paper, what is it that you want us to do? Are you giving up the request to vacate the convictions and just asking to dismiss your appeal and then go back to . . . you're not. You want vacator of the convictions.  From us. Yes. Okay. Then supplemental briefing will be ordered. Very good. I mean, I don't want to stop you the rest of your time, but because you're asking us for, and you understand, you're asking us for judicial relief on mootness grounds, but for us to find that the case is moot, we have to make at least a preliminary determination of the pardon scope. I agree completely. So, again, using Thomas as an example, which I've cited to my clarification, I would assume the court would say . . . Wouldn't it be a permanent determination if we did it versus the district court? Yes, it would be. I mean . . . This is where you want to litigate. Yes. You're asking us to decide the pardon issue. That's all. That's what your relief says to me. In other words, if you dismiss your appeal for Mr. Brown, then the appeal's closed, the convictions are sort of in a state of limbo. He's obviously been released from custody. The executive branch thinks that the pardon covers those convictions, but you also want him not to have the status of having been convicted. Correct. You want dismissal of the indictment. You go back to the district court. You ask the district court for relief. The government does. They're required to do that, but yes. Correct. You know what I mean. And the district court then decides, do I let the government dismiss the indictment with prejudice? If the government dismisses the indictment with prejudice, the pardon issue goes away. Do you understand that? Yes. So you don't have to litigate the pardon issue if on remand, the government is allowed to do what it wants to do with your acquiescence. Because it doesn't matter whether or not Mr. Brown was pardoned by the president if the government dismisses the indictment with prejudice. If the government dismisses the indictment with prejudice, there's no conviction, regardless of the pardon. Of course. So in that scenario, as opposing counsel indicated, there's a limited review that the court can conduct, but that's generally based on improper motives for the government's motion and or something that would prejudice the defendant. Obviously, neither of those appear here. So I feel confident that that Rule 48 motion should be granted. And if it's not, then we'd have the right to appeal. So you're saying, Mr. Ufferman, that's one option. But if you don't pursue that option, then you're asking us to pursue it. And that option's off the table. If we were in the context of a plea hearing, where my client's making substantial choices. I would not engage in this colloquy with you or your client. True. Because I'd get reversed in a heartbeat for getting myself involved in plea discussion. But I guess I was saying it more for my own protection. I might be ineffective if I make that decision without consultation with my client. I understand that, too. So I guess I would ask for the opportunity to discuss with my client and provide written notice back to the court as to whether we would rather agree to the alternative remedy in the government's motion, which is simply to have this court remand and dismiss the appeal because it's moot. No, no, no, no, no, no. Not dismiss because it's moot. Mootness requires a legal determination from us that the pardon covers all of the convictions. The route I'm suggesting, and it may not be the only one. Maybe I haven't thought this through from Mr. Brown's perspective completely, is your dismissal of the appeal. I understand. And then that puts you back in the district court. In the district court, the government moves to dismiss the indictment with prejudice. The district court exercises, as you said, and Ms. McGershall said, limited judicial scrutiny of that request, receives briefing from the parties, and then decides whether to grant your relief. I understand. And if you get that relief, it's all over, and the pardon issue washes away. So the two options on the table are Mr. Brown dismiss the appeal to pursue that, or have this court decide whether or not the scope of the pardon covers the document case. There may be a third and a fourth avenue, too, that I haven't thought of, and I'm not precluding you. We're not precluding you from those avenues either. We just want to know what you want, what you're requesting us to do. May I have time to get back to the court after thoroughly discussing this with my client? No, no, of course you can. Thank you. Yeah, of course you can. So how about Monday? Yes. Okay, so Monday, close of business. You let us know what avenue he wants to pursue. If he's dismissing the appeal, we're done. Of course. The three of us are done. We have no more involvement. The case goes back to the district court, and then the motion gets filed, and it goes on its merry way. My only concern about that, and I know I'm thinking out loud, and I need to research, the government's alternative request in the motion is because the appeal is pending, which is what gives the government the authority on a non-final case to file the Rule 48 motion. Whereas if Mr. Brown dismisses the appeal, the concern is that at that moment in time, the conviction becomes final, and the Rule 48 motion may take on a different context. May not even be permissible for them to do what they want to do. That may well be. I haven't billed for advice today. So, I don't know what those permutations might or might not be, and you might be right. I just want to know. We just need to know what you want us to do, and then we will take our cue from that. If you want us to decide the pardon issue, then there's going to be an order for supplemental briefing from the parties. Because you are, I think, indicating, maybe not as a full court, but Judge Jordan, you seem to be indicating that the alternative remedy requested by the government that the court remand to the district court so that the government may move to dismiss is not something that's a viable option. No, I'm not saying that. I'm saying that you could ask for a remand while we retain jurisdiction for that to play out. But if that doesn't play out the way you and the government think it should play out, when you come back up here, you've abandoned your merits-based challenges to the conviction. And so all you might be faced with is an appeal from a possibly adverse decision on the motion to dismiss the indictment with prejudice. So you let us know by Monday what you want to do. Thank you very much. All right, thank you both very much. You can check in with Solomon in the meantime. I will be doing that. Thank you. Thank you. Take your time setting up. Let me just go ahead and call the next.